Wright, J.,
delivered the opinion of the Court.
We are of opinion, that the deed of trust, bearing date the 16th of July, 1853, from John Cain to Brittain Phillips, for the tract of land in controvery is, and was, a bona fide conveyance, free of fraud, and created a valid security for the benefit of the creditors therein named. This is not seriously denied, and upon the pleadings and proof, as we think, could not be. But, the same not being registered until the 18th July, 1854, was, of- course, inoperative as against the previous levy and sale under the judgment, in favor of Joseph and R. P. Birdwell and John Osborne; against said Cain, rendered in the Circuit Court of Sullivan County, on the 23rd of November, 1853 ; and therefore, the com•plainant, Joseph, under the said sale, which was made *303 tbe 15th of July, 1854, as a purchaser of said land, acquired a valid title as against said deed, subject to the right of redemption in said Cain. But, that when the said Cain, afterwards, on the 24th of December, 1855, redeemed said land of said Joseph, whether with his own money, or that of said Phillips; the title so acquired by the redemption-eo instanti — inured and passed to said Phillips as the trustee in said deed, the same having been executed with covenants of general warranty ; and the said deed and the trusts therein enumerated, became as efficacious as if said sale had never been made: Henderson et als. vs. Overton, 2 Yer., 394, 391: Gookin et als. vs. Graham et als., 5 Hum., 480-484.
The encumbrance of said judgment, though superior to said deed under the registry laws, did not render it fraudulent, as was virtually decided by this Court, in Dickinson’s Lesse vs. Collins: 1 Swan, 516-518. A purchase made, or trust taken, tona fide, i. e., such as are not within the Statute against fraudulent conveyances, whether pending the general lien of the judgment, or anterior thereto, and a purchase, if made, or trust taken before the judgment existed, does not, by reason of the non-registration of the deed, become infected with turpitude; and if it be afterwards registered before other creditors acquired liens upon the property embraced in the deed, as to them, it takes effect from its date, and they cannot call in question its validity. It follows, that complainants cannot assail this deed by virtue of the judgments rendered in their favor against said Cain, subsequent to its registration, and that they cannot be aided, either by the judgment of 23rd of November, *304 1853, or any thing that took place under it, as that is put out of the case by the redemption through Cain, and the extinguishment of all claim growing out of that debt.
We are furthermore of opinion, that the sale of said land, on the 15th of March, 1856, under the judgment of the same parties against said Cain, rendered the 17th of July, 1855, was void, and passed nothing to Joseph Birdwell, the purchaser — the legal title to said land being in said Phillips, by force of the deed of trust and the equitable estate of said Cain, if any be had, being incapable of levy and sale under a fieri facias at law. This position cannot be escaped upon the ground assumed in argument: namely, that the judgment of the 17th of July, 1855, being anterior to the redemption in December afterwards, the lien of the judgment instantly attached, and again encumbered the land, as against the trustee: because, in truth, the legal title liad, all the while, remained in the trustee, the sheriff having made no deed to Birdwell, the purchaser, under the sale of the 15tk of July, 1854: Crutsinger vs. Catron, 10 Hum., 24; and because, if the legal title under this last named sale had been conveyed to the purchaser, (Birdwell,) of whom Cain redeemed, the momentary seisin in him during the transit of the title to the trustee, was not a thing upon which the lien of the judgment could attach; and this is especially so of a redemption (as was this) from Birdwell the creditor, and with the money of Phillips, and not of Cain. Upon this question, the cases of Huffaker vs. Bowman, 4 Sneed, 89; and Stow vs. Tifft, 15 Johns. R., 458, furnish conclusive authority. Even if *305 Cain had redeemed with his own money, it was nothing but what his duty required him to do, in support of the previous bona fide, trust to his creditors, and the title was in him and out of him, as it were, with one i breath, and by one and the same act. The instant he redeemed, the law, without any rest, or abiding of the title in him, cast it upon Phillips, the. trustee, for the purpose of the trust. But Cain did not furnish the money, and in the substance of the thing, did not redeem : but it was furnished by Phillips, the trustee, and the redemption made for the benefit of the trust..; and Phillips being informed that he, himself, could not, as trustee, redeem, because, not a judgment creditor, used the name of Cain, as a mere instrument of redemption, and it was not expected, or intended that, as against the trust, he should retain the estate beneficially for Ms own use. And how absurd it would be to suppose that it was intended, by either Joseph Bird-well or Phillips, that the judgment of the 11th of July, 1855, was to be lien upon this estate? Would Phillips have redeemed to perfect the trust deed, when, in the very act, he cast the estate from him to another .judgment of Birdwell? And where is the equity of Birdwell upon such a case?
On the 26th of December, 1855, Cain, by a deed registered the 18th of February, 1856, sold and conveyed to said Phillips, all his interest in said land. This deed, upon the proof in this record, must be held a bona fide conveyance for value, free of fraud; and, in legal effect, divested said Cain of all interest, legal and equitable, in the estate. This left nothing for the third judgment of complainants, of the 22d of March, 1856, to operate *306 upon; and they could acquire no lien upon the land, either in law or equity, even if a memorandum of the judgment had been registered, and the bill filed, as required by the. Act of 1832, ch. 11, sec. 3. But this Act was not pursued, either as it regards the judgment of July 17th, 1855, or that of the 22d of March, 1856, and the case presents no ground upon which complainants can be allowed to reach either the land itself, or the supposed surplus, after the debts in the deed of trust are satisfied. In the case of Chopson & Hidelette et als. vs. Cassaday et als., 3 Hum., 661, it was held by this Court, that a judgment creates a lien upon equitable real estates, co-extensive with the lien which, at law, exists upon legal estates, and that this lien might be asserted in Chancery; and that the judgment binds lands acquired by the debtor after the rendition of the judgment, either by purchase or descent, and binds after acquired equitable estates, but that this lien as to the latter class of estates, was so circumscribed by the Act of 1832, that no lien would exist, unless a memorandum of the judgment was registered within sixty days from the time of its rendition, and the bill filed to enforce the lien within ten days after the return of the execution, unsatisfied. And, that as to after acquired equitable estates, the judgment must be registered within sixty days after the bonds are required, and the bill filed within ten days after the return of an execution unsatisfied. And, that, if these things be not done, there is no lien, as against a purchaser for value, whether he have notice of the judgment, or not. Here, as we have seen, Brittain Phillips, under his deed of the 26th of December, 1855, must be regarded as a purchaser for *307 value. And it can make no difference that his purchase was made after the rendition of one of the judgments : Dickerson’s Lessee vs. Collins, 1 Swan, 518.
Now, as it regards the judgment of the 22nd of March, 1856, that was not only rendered after the registration of the absolute deed to Phillips, but the memorandum of the judgment was not registered until the 20th of May, 1857, and the bill not filed until the 23rd of July afterwards, though the fieri facias was returned unsatisfied to the July Term of the Court, 1856. And as to the judgment of the 17th of July, 1855, it should at least, have been registered within sixty days from the 24th of December, 1855, when it is alleged Cain become re-invested with the equitable estate in this land by force of the redemption from Joseph Birdwell; but this was also omitted until the 20th of May, 1857.
So, that, in whatever aspect we view this case, the complainants are entitled to no relief, and the Chancellor having so held, we affirm his decree.